LILLIAN M. SUMMERS, complainant,

*v.*

THEODORE MORLEY et al., defendants.

[Decided January 21st, 1924.]

1. Where one purchased lands in the name of another, alleging an agreement to convey them to her upon payment of $5, which agreement is denied by the grantee in the deeds, who alleges that the lands were a present to him, these facts are not sufficient to establish an express trust to reconvey the lands.

2. Where a woman purchases lands in the name of another for the purpose of evading the payment of judgments against her, and afterwards comes into this court demanding conveyance to her,. such prayer should be denied, as she does not come into court with clean hands.

On bills, &c.

*Mr. John Trier,* for the complainant.

*Mr. Howard F. Kirk,* for the defendant.

CHURCH, V. C.

The facts in this case are as follows: Lillian M. Summers asked that two pieces of property, one on Beach street, purchased in 1919, and one on Lafayette· place, purchased in 1921, be reconveyed to her; the Beach street property having been put in the name of Theodore Morley, and Queenie, his wife, and the Lafayette place property having been put in the name of Theodore Morley.

Mrs. Summers alleges that an agreement was made between her and Mr. Morley in which he was to take title as an intermediary and turn back the title to her upon the payment of $5 in each case.

Mr. Morley denies this and alleges that about the year 1916, shortly after his marriage with Queenie, that Mrs. Summers offered to put a house on Argyle place in his name as a wedding present, if he would give her the sum of $500 towards it, and this house was later sold with the understanding that the money derived from the sale of this house should be put in his name or in his and his wife's name.

The first question that arises is whether the complainant can establish an express trust in these premises? The deeds were given to Morley for a money consideration and the *habendum* is to his use. Under the cases, therefore, the land is the absolute property of the defendant. *Brown* v. *Murray, 94 N. J. Eq. 125.*

This, it seems to me, is dispositive of the case.

Another question has been raised by counsel, and that is

that Mrs. Summers does not come into this court with clean hands, it appearing by the testimony at the hearing that she made the conveyances because there were judgments outstanding against her and she did not dare take it in her own name.

I think this also is a reason for declining to grant the relief prayed for. The law in this matter is so well settled that I will only cite the case of *Semenowich* v. *Melnyk, 93 N. J. Eq. 615.*

I will therefore advise a decree dismissing the bill.